IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

GILBERTO ROBLES GONZALEZ,
a/k/a GILBERTO ROBLES GONZALES

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   1:24-CR-00331 (AMN)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose: (i) a sentence of imprisonment of time served; and (ii) a term of supervised release of three years along with any special conditions recommended by the United States Probation Office in its Presentence Investigation Report ("PSR") (Dkt. No. 22).

# I

# INTRODUCTION

On August 9, 2024, absent a written plea agreement, the defendant entered guilty pleas to Counts One and Two of Information (24-CR-00331), in violation of 18 U.S.C. § 1546(a) (Immigration Fraud).    The defendant is scheduled to be sentenced on October 16, 2024.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.    Statutory Maximum Sentence**

The defendant's convictions for Immigration Fraud, in violation of 18 U.S.C. § 1546(a), subjects the defendant to a statutory maximum term of ten years imprisonment, *see* 18 U.S.C. § 1546(a); a statutory maximum fine of $250,000.00, *see* 18 U.S.C. § 3571(b), and a statutory maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2).

**2.    Guidelines Provisions**

**a.    Offense Level**

Under the federal sentencing guidelines, the base offense level for the defendant's convictions for Immigration Fraud is 8.  *See* U.S.S.G. § 2L2.2(a); PSR ¶ 16.  The resulting adjusted offense level is 8.  PSR ¶ 21.  Because the defendant has zero criminal history points, he meets the criteria for the guideline amendment under U.S.S.G. § 4C1.1, resulting in a two-level reduction.  PSR ¶¶ 23, 28.

**b.    Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility.  U.S.S.G. § 3E1.1(a); PSR ¶ 22.

**c.    Criminal History Category**

According to the presentence report, the defendant's criminal history category is one. PSR ¶ 28.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

### d.    Guidelines Range and Sentence

As described above, the total offense level for Counts One and Two is 4, and the criminal history category is one.   PSR ¶¶ 24, 28.   This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of imprisonment in the range of 0-6 months[1] and a supervised release term of one to three years.   PSR ¶¶ 47, 53.   The guidelines also call for a fine range of $500.00 to $9,500.00.   PSR ¶ 61.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to (i) a term of imprisonment of time served; and (ii) a term of supervised release of three years along with any special conditions recommended by the United States Probation Office in its Presentence Investigation Report ("PSR") (Dkt. No. 22).

The defendant's crimes were motivated by an effort to deceive governmental authorities and potential employers into believing that the defendant was authorized to be present inside of the United States and to work.   The defendant's actions played a small part in what is a widespread and ongoing illegal immigration and documents problem facing our country.   The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).   The requested sentence will reflect the

---

1 As the PSR correctly notes in ¶ 48, because the defendant is a zero-point offender whose applicable guideline range is in Zone A of the Sentencing Table, a sentence other than a sentence of imprisonment may be appropriate. U.S.S.G. § 5C1.1, Application Note 10.

seriousness of the offense, help promote respect for the rule of law, and serve as a fair and just punishment.[2]

Respectfully submitted this 7th day of October, 2024,

CARLA B. FREEDMAN
UNITED STATES ATTORNEY

By:        /s/ *Richard D. Belliss*
Richard D. Belliss
Assistant United States Attorney
Bar Roll No. 515295

---

[2] A sentence consistent with the federal guidelines range will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others. As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Within-Guidelines sentences also promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

*/s/ Richard D. Belliss*